MARK W. FLORY, State Bar No. 92610
E-mail: mflory@hfdclaw.com
JAMES K. LO, State Bar No. 227598
E-mail: jlo@hfdclaw.com
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929

Attorneys for Plaintiff and Counterdefendant
HARCO NATIONAL INSURANCE COMPANY

FILED
CLERK, U.S. DISTRICT COURT
JUL - 5 2011
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation, <br><br> Plaintiff <br><br> vs. <br><br> VALENCIA HOLDING COMPANY, LLC, dba MERCEDES BENZ OF VALENCIA, a California limited liability company, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CV10-7375 DMG (PJWx) <br><br> Judge: Dolly M. Gee <br> Crtrm: 7 <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| VALENCIA HOLDING COMPANY, LLC, dba MERCEDES BENZ OF VALENCIA, a California limited liability company, <br><br> Counterclaimant, <br><br> vs. <br><br> HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation, <br><br> Counterdefendants. | |

HARCO.3457\PLEADINGS\Stip & PPO      1
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Plaintiff and Counterdefendant HARCO NATIONAL INSURANCE COMPANY ("HARCO") and Defendant and Counterclaimant VALENCIA HOLDING COMPANY, LLC, dba MERCEDES BENZ OF VALENCIA ("MBV") by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1. All documents, materials, items, and/or information that contain or comprise confidential research, development, or commercial information produced or submitted during the course of this action either by a party or by a nonparty to or for either of the parties, and appropriately designated hereunder, shall be governed by this Protective Order.

2. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as "Confidential" under the terms of this Protective Order.

3. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation only, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within 30 days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential". The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

5. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a)    parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

    (b)    parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

    (c)    consultants as defined in Paragraph 8 herein;

    (d)    the Court, pursuant to Paragraph 11 herein;

    (e)    court reporters employed in connection with this action;

    (f)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 herein;

    (g)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 9 herein;

    (h)    Reinsurers, insurers, regulators or auditors of HARCO; and

    (i)    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material.

6. For purposes of Paragraph 5(c) herein, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

7. All persons listed in Paragraphs 5(b), 5(c), 5(f) and 5(g) and above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

8. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness' compliance with paragraph 9.

9. If a party intends to use materials or information designated as "Confidential" at trial, or in connection with a motion or other court hearing, the party's attorneys must:

    a. Lodge the unredacted "Confidential" information and/or materials with the Court Clerk, in a separate envelope sealed and labeled "CONDITIONALLY UNDER SEAL," and in compliance with the Local Rules of the Central District of

California, including, without limitation, Local Rule 79-5 governing confidentiality of court documents.

    b.    Notify all opposing counsel that the lodged "Confidential" information and/or materials will become part of the public court record unless a timely motion or application under Central District of California Local Rule 79-5 *et seq.* to seal is filed.

A motion or application to seal such "Confidential" information and/or materials may be heard on regular notice or on an ex parte basis.

    10.    A party may challenge the other party's designation of information or materials produced herein as "Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen days after conferring with the producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential". The party asserting the challenge shall retain the burden of demonstrating, in any subsequent proceeding, that the confidentiality designation was inappropriate.

11. All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

12. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential", or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further

protective order relating to any purportedly confidential information;

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(h) shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

(i) prevent the parties from contacting or obtaining testimony from witnesses identified in documents designated as "Confidential" under this Protective Order.

13. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party, which has authority to provide such information or material, and without restriction as to disclosure.

14. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order

issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information. Non parties may avail themselves of the protections of this order, provided they execute the Consent form attached hereto.

15. If a party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 6 above, as well as any copies made by such persons.

16. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

17. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this

Protective Order by application to the Court on notice to the other party hereto for good cause.

18.   The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

19.   The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.

20.   In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use, provided that there is full compliance with the provisions of this Protective Order. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pretrial order.

21.   If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by email or fax transmission, within ten days of receipt of such subpoena, demand or legal process,to those who produced or designated the information or material "Confidential" and shall take reasonable efforts to preserve the designating

party's right to object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

22. At the conclusion of this Action (defined as the later of (a) a dismissal of this Action, with prejudice, pursuant to settlement, order of the Court, or otherwise; (b) the expiration of the right of appeal of all parties to this action with respect to a judgment fully adjudicating this matter on the merits; or (c) such other time as the parties to this stipulated protective order may agree, in writing, constitutes the conclusion of this Action), the parties hereto shall endeavor, in good faith, to return or destroy all material and copies thereof (at the Producing Party's option), in whatever format received or maintained, of all materials designated "Confidential" pursuant to this Protective Order. Notwithstanding the requirements of this paragraph, one copy of such material may be maintained by each party's counsel of record in its litigation files. Such file(s) are not to be disseminated to persons not employed by or affiliated with each party's counsel of record except in accordance with the terms and conditions set forth herein.

///
///
///
///
///
///
///

Respectfully submitted,

Dated: June 30, 2011           ARENT FOX LLP

                               By: *(signature)*
                               AARON H. JACOBY
                               MICHAEL L. TURRILL
                               MATTHEW J. KITSON
                               Attorneys for Defendant Counterclaimant
                               VALENCIA HOLDING COMPANY, LLC
                               dba MERCEDES-BENZ OF VALENCIA


Dated: June ___, 2011          HARRINGTON, FOXX, DUBROW & CANTER, LLP


                               By: _____
                               MARK W. FLORY
                               Attorneys for Plaintiff and Counterdefendant
                               HARCO NATIONAL INSURANCE COMPANY

Respectfully submitted,

Dated: June ____, 2011

ARENT FOX LLP

By: _____
    AARON H. JACOBY
    MICHAEL L. TURRILL
    MATTHEW J. KITSON
    Attorneys for Defendant Counterclaimant
    VALENCIA HOLDING COMPANY, LLC
    dba MERCEDES-BENZ OF VALENCIA

Dated: June 30, 2011

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: _____
    MARK W. FLORY
    JAMES K. LO
    Attorneys for Plaintiff and Counterdefendant
    HARCO NATIONAL INSURANCE COMPANY

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On July 1, 2011, I electronically filed the following document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

[X]   (FEDERAL)   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on July 1, 2011 at Los Angeles, California

/s/
MARTHA P. AGUILAR
Email: maguilar@hfdclaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff<br><br>vs.<br><br>VALENCIA HOLDING COMPANY, LLC, dba MERCEDES BENZ OF VALENCIA, a California limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>VALENCIA HOLDING COMPANY, LLC, dba MERCEDES BENZ OF VALENCIA, a California limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Counterdefendants. | Case No. CV10-7375 DMG (PJWx)<br><br>Judge: Dolly M. Gee<br>Crtrm: 7<br><br>[PROPOSED] PROTECTIVE ORDER |

# ORDER

Good cause appearing therefore, the Court hereby Orders that the Stipulation for Protective Order is approved in its entirety, and shall govern the use and treatment of information designated as "Confidential" in this action until further order of this Court.

IT IS SO ORDERED.

Dated: 7/5/11

_____
~~The Hon. Dolly N. Gee~~
PATRICK J. WALSH
MAGISTRATE JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On July 1, 2011, I electronically filed the following document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet:

**[PROPOSED] PROTECTIVE ORDER**

[X]   (FEDERAL)   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on July 1, 2011 at Los Angeles, California

/s/
MARTHA P. AGUILAR
Email: maguilar@hfdclaw.com